**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID MACKEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-4103** |
| | ) | |
| **DEPARTMENT OF HUMAN** | ) | |
| **SERVICES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim

1

for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff identifies seven Defendants, including the Department of Human Services, Program Director Greg Donathan, Assistant Program Director Erin Posey, Security Director William Epperson, Assistant Security Director Ham, Erik Parsons, and Treatment Team Leader Paula Lodge.

Plaintiff claims that his roommate, Timothy Bell, sexually assaulted him. Plaintiff does not state when the assault occurred. Plaintiff filed a lawsuit regarding the assault on February 19, 2021. *See Mackel v. Whitaker, et al.*, Case No. 21-cv-4026-SLD. Plaintiff alleges that while the lawsuit was pending, Defendants Lodge and Parsons, who were members of the Rooming Committee, decided to move Mr. Bell to the same wing and pod as Plaintiff in July 2021. Plaintiff filed an "Emergency Grievance" asking to move to a different pod. Ultimately, Mr. Bell refused the housing assignment.

Next, Plaintiff alleges that he was moved from Delta-1-13 to Delta-2-18 "with a highly sexually motivated violent sex offender" on July 13, 2021. (Doc. 1 at p. 8). On the morning of October 5, 2021, Plaintiff alleges that he woke up to find his roommate, Mr. Prefountain, "snuggling" next to him in bed. *Id.* Plaintiff informed staff members, but they did nothing. Plaintiff claims "this offending behavior" continued for the next four days. Plaintiff notified staff members

each day, but they allegedly took no action. Plaintiff does not indicate who he spoke with about Mr. Prefountain's alleged behavior.

Plaintiff alleges that Mr. Prefountain sexually assaulted him on the morning of Friday, October 10, 2021. Plaintiff informed staff members about the assault that morning, but nothing was done until the following Monday when Plaintiff was informed that he would be assigned a new roommate who had AIDS. *Id.* at p. 9. When Plaintiff refused the housing assignment, security staff moved Mr. Prefountain instead. Plaintiff does not indicate who he spoke with about the sexual assault on October 10, 2021.

On February 15, 2022, Plaintiff was assigned to a room with resident Rodriguez. Plaintiff states that Mr. Rodriguez immediately asked Plaintiff "personal questions about [his] genitals" and if Plaintiff wanted to engage in sexual activity. *Id.* at p. 10. Plaintiff alleges Mr. Rodriguez sexually assaulted him on the morning of February 18, 2022. Later that morning, Plaintiff's "primary" Ms. Coleman, who is not named as a party, came to see Plaintiff. Plaintiff told her about the assault, and she relayed to her superiors what happened. Nevertheless, Plaintiff remained in the same room with Mr. Rodriguez over the weekend.

On February 21, 2022, Plaintiff was moved to disciplinary wing Fox-3, which had no power or cable TV. Plaintiff alleges that he was being punished for being sexually assaulted. Plaintiff states that Mr. Rodriguez was moved with another resident to Delta-3 and was not punished for his actions. Plaintiff was moved off Fox-3 two days after he wrote to the administration about why he was being punished.

On May 5, 2023, Plaintiff and another resident, James Kingsley, submitted resident room change request forms requesting each other as roommates. On May 23, 2023, Defendant Lodge denied the request and stated: "The Blue Team does not recommend this pairing, the rest of the

Team had no comment." *Id.* at p. 12. Plaintiff claims that Defendant Lodge did not approve the request because Mr. Kingsley would not harm Plaintiff like his other roommates had.

Plaintiff alleges that when Mr. Bell was assigned to work in dietary as a dishwasher with Plaintiff on May 11, 2023, Mr. Bell told Plaintiff on several occasions that "he's going to beat [him] down, if given the chance." *Id.* at p. 13. Plaintiff wrote to Defendant Posey, who came to see Plaintiff while he was working in dietary. Defendant Posey stated she could not do anything and inquired if Plaintiff wanted to quit his assigned task in dietary because of the potential threat.

Plaintiff states that Mr. Bell was given conditional release and is currently in the C.R. Readiness Group. On June 13, 2023, Mr. Bell allegedly threatened to physically assault Plaintiff.

## ANALYSIS

### Defendants Lodge and Parsons

Plaintiff may have a Fourteenth Amendment claim against staff members for allegedly failing to take any meaningful action when Plaintiff informed them of the October 2021 and February 2022 sexual assaults, but Plaintiff failed to name or identify the staff members in his Complaint. *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) (holding that a due process violation requires deliberate indifference to or reckless disregard of the detainee's rights to be protected from harm).

Plaintiff does not state a plausible claim against Defendants Lodge and Parsons based on his roommate assignments without further facts that show Plaintiff was denied due process amounting to punishment. *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) ("[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

Plaintiff claims that Defendant Lodge denied his request to have Mr. Kingsley as his roommate, but Plaintiff does not have the constitutional right to a roommate of his choosing. *See Riccardo v. Rausch*, 375 F.3d 521, 525–26 (7th Cir. 2004). "Illinois is free, if it wishes, to give prisoners veto power over the identity of their cellmates. But the eighth amendment does not do so of its own force, and prisoners cannot use the Constitution to achieve this control indirectly by making unsubstantiated assertions." *Riccardo v. Rausch*, 375 F.3d 521, 528 (7th Cir. 2004); *Smego v. Jumper*, 707 Fed. Appx. 411 (7th Cir. 2017) (civil detainees do not have the right to roommates of their own choosing). Plaintiff has not alleged a factual basis for his belief that the refusal to place him with a roommate of his choosing was due to discrimination or retaliation rather than a clinical treatment decision.

Defendants Lodge and Parsons are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**Defendant Posey**

Plaintiff alleges that when Mr. Bell was assigned to work in dietary with Plaintiff on May 11, 2023, Mr. Bell told Plaintiff on several occasions that "he's going to beat [him] down, if given the chance." (Doc. 1 at p. 13). Plaintiff wrote to Defendant Posey, who came to see Plaintiff while he was working in dietary. Defendant Posey stated she could not do anything and inquired if Plaintiff wanted to quit his assigned task in dietary because of the potential threat.

A detainee's conditions-of-confinement claim arises under the Fourteenth Amendment's Due Process Clause. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). To prevail on a failure-to-protect claim, a detainee must show that (1) he faced conditions that presented a substantial risk of serious harm; and (2) that the official's actions were objectively unreasonable. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 496-97 (7th Cir. 2022); *see also Kozar v. Munoz*, 230 F. Supp.

915, 919 (N.D. Ill. 2017). "[T]he plaintiff must show that he faced a risk of harm that was almost certain to materialize if nothing is done. In the context of detainee-on-detainee assault, risks attributable to … highly probable attacks and particular detainees who pose a heightened risk of assault to the plaintiff satisfy this element." *Kozar*, 230 F. Supp. 3d at 920 (quoting *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (internal citation and quotations omitted)).

Here, Plaintiff does not allege that Defendant Posey knew about the prior assault or that Mr. Bell posed a heightened risk of assault to Plaintiff. Plaintiff also does not allege that Mr. Bell harmed him after making threats in May or June 2023. As currently pled, Plaintiff's allegations do not state a viable failure-to-protect claim. Defendant Posey is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**Department of Human Services**

Plaintiff names the Department of Human Services as a Defendant, but it does not qualify as a "person" within the meaning of the Civil Rights Act and is not subject to a Section 1983 suit. *See generally Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Furthermore, as a department of the State of Illinois, the Department of Human Services is immune from suit under the Eleventh Amendment. *See Hargett v. Baker*, No. 02-1456, 2002 WL 1732911, at *2 (N.D. Ill. July 26, 2002) (dismissing § 1983 claim against the Department of Human Services due to the "well-established principle that states and state agencies enjoy immunity from suit in federal courts under the Eleventh Amendment."). It does not appear that Plaintiff can assert a claim under Section 1983 against the Department of Human Services; however, out of an abundance of caution, Defendant Department of Human Services will be dismissed without prejudice. *See Davis v. Dep't of Hum. Servs.*, No. 13-CV-01260-JPG, 2014 WL 87995, at *2 (S.D. Ill. Jan. 9, 2014) (dismissing Department Human Services without prejudice).

**Defendants Donathan, Epperson, and Ham**

Plaintiff also names Greg Donathan, William Epperson, and Ham as Defendants, but he did not include any allegations against them in his Complaint. Defendants Donathan, Epperson, and Ham are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 n.2 (7th Cir. 2012) (omission of named defendant from body of complaint, but inclusion in caption, "is the sort of pleading gaffe that, ordinarily, district courts should give pro se plaintiffs a chance to correct by amendment").

**Unrelated Claims**

Finally, Plaintiff's allegations are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). The possibility that Plaintiff may have told many of the same Defendants about the alleged problems does not make these separate incidents part of the same transaction or occurrence.

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff the opportunity to file an Amended Complaint clarifying his claims within 30 days of this Order. Failure to file an

Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2)     Plaintiff's Motion for Leave to Proceed *in forma pauperis* [3] is DENIED with leave to reassert if he files an Amended Complaint.

3)     Plaintiff's Motion for Status [6] and Motion for Status of Merit Review Order [7] are MOOT.

ENTERED:  11/13/2023

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
