UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MACKEL,              ) | |
|   )           | |
|   Plaintiff,               ) | |
|   )           | |
|   v.                       ) | Case No. 23-4103 |
|   )           | |
| GREG DONATHAN, *et al.*,   ) | |
|   )           | |
|   Defendants.              ) | |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 15).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 16). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Second Amended Complaint states a federal claim.

This case is before the Court for a merit review pursuant to § 1915A. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim

for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against six Defendants, including Program Director Greg Donathan, Assistant Program Director Erin Posey, Security Director William Epperson, Assistant Security Director Sandra Ham, and Rooming Committee Members Paula Lodge and Erik Parsons.

Plaintiff alleges he was moved from Delta-1-13 to Delta-2-18 on July 13, 2021, and assigned to a room with Mr. Prefountain, a detainee who has been deemed and adjudicated as a sexually violent person. On the morning of October 5, 2021, Plaintiff alleges that he woke up to find Mr. Prefountain "snuggling" next to him in bed. (Doc. 15 at p. 7). Plaintiff states he informed unidentified security and treatment staff, but nothing was done. Plaintiff spoke with his primary therapist Ms. Coleman and Security Therapeutic Aid Mr. Sullivan, who are not named as parties. Plaintiff alleges that Mr. Prefountain sexually assaulted him again on October 10, 2021. Plaintiff informed STA Utter about the assault and was escorted to Health Care for an examination, but Plaintiff claims no records of the examination exist.

On October 11, 2021, Plaintiff was informed that he was being moved to another room with a roommate who had lupus and AIDS. Plaintiff alleges that Defendants Lodge and Parsons made this decision.

On February 15, 2022, Defendants Lodge and Parsons assigned Plaintiff to a room with Mr. Rodriguez, who asked Plaintiff "personal questions about [his] genitals" and asked to see

2

Plaintiff's penis. *Id.* at 8. Plaintiff alleges he awoke on February 18, 2022, to find Mr. Rodriguez performing oral sex without his consent.

## ANALYSIS

Plaintiff named Donathan, Posey, Epperson, and Ham as Defendants, but he did not include any specific allegations about them in his Second Amended Complaint. There is no *respondeat superior* (supervisor liability) under § 1983. In other words, Defendants cannot be liable based only on their status as supervisors. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Supervisory staff can be held liable for deliberate indifference if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Therefore, Defendants Donathan, Posey, Epperson, and Ham are dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges Defendants Lodge and Parsons assigned him to a room with a roommate suffered from lupus and HIV or AIDS, but Plaintiff does not indicate how he was harmed by this assignment. "Plaintiff does not have the constitutional right to a roommate of his choosing." *Mackel v. Hou*, No. 20-CV-4015-MMM, 2020 WL 2544400, at *2 (C.D. Ill. May 19, 2020) (citing *Riccardo v. Rausch*, 375 F.3d 521, 528 (7th Cir. 2004) ("Illinois is free, if it wishes, to give prisoners veto power over the identity of their cellmates. But the eighth amendment does not do so of its own force, and prisoners cannot use the Constitution to achieve this control indirectly by making unsubstantiated assertions.")). "[Plaintiff's] subjective fear of harm that never materialized does not itself give rise to a constitutional claim." *Smego v. Jumper*, 707 F. App'x 411, 413 (7th Cir. 2017) (citing *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) ("[N]ot every psychological discomfort a prisoner endures amounts to a constitutional violation.")). !

3

Plaintiff also alleges Defendants Lodge and Parson assigned him to a room with Mr. Rodriguez, who allegedly sexually assaulted Plaintiff three days later. Plaintiff did not allege that Defendants knew he faced a serious risk of harm by being assigned to a room with Mr. Rodriguez or knew about the assault and failed to take action. Plaintiff's allegations are insufficient to state a constitutional claim against Defendants Lodge and Parsons. Therefore, they are dismissed failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff has had multiple opportunities to allege a cognizable claim and failed to do so. The Court finds any further amendment would be futile. Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. This case is therefore closed. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Based on the dismissal of this case, Plaintiff's Motion for Leave to Proceed in forma pauperis [16] is DENIED.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:   4/8/2024

                                                s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge